Argued October 11; affirmed October 23, 1934

SWARTZ *v.* MITCHELL

(36 P. (2d) 991)

*Wilber Henderson,* of Portland, for appellant.

*Jesse G. Warrington,* of Portland, for respondent.

CAMPBELL, J. This action was instituted to recover the sum of $703.79 for goods sold and delivered by plaintiff to defendant. After the action was commenced, plaintiff and defendant effected an agreement whereby defendant was to deliver to plaintiff certain goods; that plaintiff would pay defendant the difference between the invoice cost price of the goods so delivered and the amount of the account owing by defendant to plaintiff. Thereupon an inventory of the goods was made and the invoice cost price determined to be $1,635 and that there was then due from plaintiff to defendant $1,635 less $703.79 or a balance of $931.21. The plaintiff then took possession of the goods and

shipped them to San Francisco, California, but refused to make payment therefor. The defendant duly filed his answer in which he admitted his indebtedness to plaintiff in the sum of $703.79 when the complaint was filed March 27, 1933. He alleged that on that day he and plaintiff entered into the agreement of settlement above referred to, and that pursuant to said agreement he transferred to plaintiff goods of the agreed value of $1,635 and that plaintiff agreed to pay him the difference between the indebtedness and the value of the goods delivered, to wit: $931.21.

Plaintiff, in his reply, admitted that the agreement of settlement was made; admitted "that defendant transferred to plaintiff certain goods, wares and merchandise".

At the close of the evidence, plaintiff moved for a directed verdict. The motion was overruled and the cause submitted to the jury which returned a verdict in favor of defendant in the sum of $931.21 on which judgment was entered. Plaintiff appeals.

The only assignment of error is that the court erred in refusing to grant plaintiff a directed verdict. This assignment is predicated on the proposition that, so far as the counter claim is concerned, the defendant is not the real party in interest. This proposition is based on testimony brought out on cross-examination of defendant regarding the business out of which this controversy arose and from which the goods transferred to plaintiff were taken.

"Q. Now this business that was being run here in the Morgan Building, whose business was it?"

The question was objected to by defendant and, after discussion, the witness was permitted to answer.

"A. It was run in my wife's name.

\* \* \* \* \*

"Q. Then this business here in Oregon that you have been testifying in regard to, is your wife's business? Is that correct?"

"A. That is correct and I was manager."

It appears that plaintiff was the Pacific Coast distributing agent for the products of certain manufacturing drug companies, and that he entered into a contract with the defendant whereby defendant was to be the sub-distributor covering the territory of Oregon and Washington. All the negotiations were carried on with the defendant. The contract was in the form of a letter written by plaintiff to defendant. This letter was addressed to "F. F. Mitchell". Mr. Mitchell testified that he desired to carry on the business in the name of his wife and asked that a new contract be drawn. Instead of drawing a new contract, the abbreviation "Mrs." was inserted in front of "F. F. Mitchell" and "Elsie Mitchell" above the name of "F. F. Mitchell". However, there is no doubt in the court's mind that the business was as defendant Mitchell testified—his business, carried on in his wife's name.

It will be observed that this defendant was the person with whom all the negotiations regarding entering into the business were carried on. He is the one who was sued and whose property was attached. He was the person with whom the settlement was made, and from whom plaintiff took delivery of the goods, and to whom he agreed to pay the price. There was no error in the court's refusal to grant a directed verdict. The judgment of the lower court will be affirmed. It is so ordered.

RAND, C. J., and BEAN and BAILEY, JJ., concur.